UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Michelle Talberg

    Debtor

Bankruptcy No. 10-38823
Chapter 7 Case

**NOTICE OF MOTION AND MOTION TO COMPEL TURNOVER OF ESTATE PROPERTY**
_____

To: All parties in interest as listed in Local Rule 9013-3(a)(2)

Erik A. Ahlgren, Attorney for the Trustee of the bankruptcy estate, moves the court for the relief requested below and gives notice of hearing.

**NOTICE OF HEARING**

1. The court will hold a hearing on this motion at ==11:30 am on February 8, 2011,== before The Honorable Gregory F. Kishel in Court Room 2A at the United States Courthouse, 316 North Robert St., St. Paul, MN 55101, or as soon thereafter as counsel may be heard.

2. Any response to this motion must be filed and served by delivery or mail not later than, February 3, 2011 which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

**MOTION**

3. The petition commencing this chapter 7 case was filed on December 13, 2010. The case is now pending in this court.

4. This court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Federal Rule of Bankruptcy Procedure 5005 and Local Rule 1070-1. This Motion arises under 11 U.S.C. §542 and Bankruptcy Rules 4003. This Motion is filed under Bankruptcy Rule 9014 and Local Rules 9001 et seq. This proceeding is a core proceeding. The Chapter 7 trustee requests turnover of property.

## DEBTOR'S ENGAGEMENT RING IS PROPERTY OF THE ESTATE

5. Trustee requests turnover of the Debtor's engagement ring, valued on the petition at $3,300.00.

6. Schedule B of the Debtor's petition discloses the ring, but claims that it is a conditional gift and not property of the estate. The trustee at the first meeting of creditors requested that the Debtor's schedules be amended to include the ring as property of the estate. By letter dated January 18, 2011, the Debtor reiterated its position that the ring is not property of the estate.

7. Minnesota law defines the Debtor's property interests. Under Minnesota law, an engagement ring is a conditional gift. *Benassi v. Back Neck Pain Clinic, Inc.,*

8. While state law defines the property interests, federal bankruptcy law defines whether that interest is property of the estate. Section 541 of the Bankruptcy Code provides that property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The scope of this provision is very broad and includes property of all descriptions. *Whetzal v. Alderson, 32 F.3d 1302, 1303 (8th Cir.1994)*. Every conceivable interest of debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of this statutory provision. *In re Yonikus, 99,6 F.2d 866 (7th Cir.1993); Potter v. Drewes (In re Potter), 228 B.R. 422, 424 (8th Cir. BAP 1999)*. Therefore, property rights, even if they are contingent on some future event, become property of the estate. *See Allen v. Levey (In re Allen), 226 B.R. 857, 864-66 (Bankr.N.D.Ill.1998)*.

9. No Minnesota court has addressed the issue of whether an engagement ring held by the Debtor is property of the estate. Minnesota courts have found that other classes of contingent assets are property of the estate subject to the vesting of the contingency. *See, In re Wick, 276 F.3d 412, 415 (8th Cir.2002)* (unvested stock options contingent on continued employment are property of the estate because contingencies-even those that require additional post-petition services or those that may defeat the right to enjoyment of the property-do not bar a property interest from becoming part of the estate.)

10. Other jurisdictions addressing the issue of engagement rings have found that the rings are property of the estate subject to the marriage contingency. See *In re Robinson, 352 B.R. 436 (Bankr. W.D. La., 2006)* (Louisiana law recognizes engagement rings as conditional gifts; court finds that engagement ring is property of the estate even though the debtor may be forced to return the ring or its value if the debtor does not go through with the wedding); *Matter of Stage, 85 B.R. 880 (Bankr.M.D.Fla., 1988)*(Florida law recognizes engagement rings as conditional gift; in a case heard after marriage occurred, debtor required to turnover ring to trustee); *In re Heck, 355 B.R. 813 (Bankr. Kan., 2006)*(in case where engagement was called off, engagement ring determined not property of estate, but court recognizes that there was a conditional interest on the date of filing); *In re Stoltz, 283 B.R. 842 (Bankr.Md.,*

*2002)*(trustee required to return ring when marriage called off); See also *In re O'Connor, 280 B.R. 907 (Bankr.S.D.Ala., 2002)*(after gift of ring, ring no longer part of prospective husband' estate); *In re Drewett, 34 B.R. 316 (Bankr. E.D. Pa., 1983)*(same).  While the better reasoned decisions support that an engagement ring is property of the estate, subject to the marriage contingentcy, the case law in not wholly consistent.  See *In re Wilson, 210 B.R. 544 (Bankr. N.D. Ohio, 1997)*(a gift given in contemplation of marriage remains property of the donor until the condition of marriage is fulfilled)

**WHEREFORE,** the Trustee, by and through the undersigned attorney, moves the court for an order of the court:

1. Directing the turnover of the Debtor' engagement ring to the Trustee or to the party designated by the Trustee within 7 calendar days from the date of the hearing on the motion for turnover, and

2. For such further relief as the court deems just and equitable.

Dated:  January 24, 2011

/e/ Erik A. Ahlgren
Erik A. Ahlgren, Atty # 191814
220 W. Washington Ave, Ste 105
Fergus Falls MN  56537
218-998-2775 (Office)
218-998-6404 (Fax)

**Verification**

I, Erik A. Ahlgren, the moving party named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated:  January 24, 2011        Signed:  /e/ Erik A. Ahlgren

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Michelle Talberg

    Debtor

Bankruptcy No. 10-38823
Chapter 7 Case

**ORDER**

    Upon the Motion to Compel Turnover of Estate Property filed by the Trustee and upon all the files and records of the proceedings herein,

    IT IS ORDERED:

1. Debtor is required to turnover her engagement ring to the Trustee or to the party designated by the Trustee.

2. The above referenced assets are to be turned over within 7 days of the date hereof.

Dated:

_____
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Michelle Talberg  Bky. Case No. 10-38823
 Chapter 7

    Debtor

## UNSWORN CERTIFICATE OF SERVICE

    I, Lisa Ahlgren, declare under penalty of perjury that on January 24, 2011 she caused to be served the following documents via the CM/ECF system to those parties requesting electronic notification.

1. Amended Notice of Motion and Motion To Compel Turnover of Estate Assets
2. Proposed Order

And by U.S. Mail to:

Michelle Talberg
15125 45th Ave NE
Rice MN 56367

| | |
|---|---|
| Executed: January 24, 2011 | Signed: /e/Lisa Ahlgren |
| | Lisa Ahlgren |
| | 220 W. Washington Ave, Ste 103 |
| | Fergus Falls, MN 56537 |